Matter of Fuller v Annucci (2018 NY Slip Op 08403)





Matter of Fuller v Annucci


2018 NY Slip Op 08403


Decided on December 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 6, 2018

526584

[*1]In the Matter of KAREEM FULLER, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: October 26, 2018

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Aarons, JJ.


Kareem Fuller, Dannemora, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Julie M. Sheridan of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
During a visit, petitioner was observed standing in an unauthorized area of the visiting room and was charged in a misbehavior report with being out of place, failure to follow facility movement regulations and failure to comply with facility visiting procedures. Following the termination of the visit, a search of petitioner's cell revealed five objects wrapped in plastic and secreted in two coffee creamer containers. The objects contained a green leafy substance that, after testing, was determined to be marihuana. As a result, petitioner was charged in a second misbehavior report with possessing drugs and possessing contraband. Following a tier III disciplinary hearing on both reports, petitioner was found guilty of violating facility visiting procedures, possessing contraband and possessing drugs and not guilty of being out of place and failure to follow facility movement regulations. The determination was affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.
Initially, respondent concedes, and we agree, that the charges of possessing contraband and possessing drugs are duplicative as they both refer to petitioner's possession of the same marihuana (see 7 NYCRR 270.2 [b] [14]). Accordingly, the determination of guilt for possessing contraband must be annulled and all references thereto expunged from petitioner's institutional record. Because a loss of good time was imposed, the matter must be remitted for a redetermination of the penalty with respect to the remaining violations (see Matter of Reeves v Annucci, 157 AD3d 1180, 1181 [2018]; Matter of Simmons v Prack, 132 AD3d 1217, 1217 [2015]).
Substantial evidence in the form of the misbehavior reports, the testimony of their authors, the positive drug test results and the testimony of the correction officer who performed the test support the portion of the determination finding petitioner guilty of the remaining charges (see Matter of Young v Rodriguez, 165 AD3d 1338, 1338 [2018]). Any inconsistencies between the misbehavior reports and the testimony of their authors presented a credibility issue for the Hearing Officer's resolution (see Matter of Byas v Fischer, 105 AD3d 1229, 1229 [2013]). The record also does not substantiate petitioner's claim that the Hearing Officer was biased, nor does the record indicate that the determination stemmed from any bias (see Matter of Swinton v Venettozzi, 164 AD3d 1584, 1585 [2018]; Matter of Lebron v Annucci, 163 AD3d 1387, 1388 [2018]). Petitioner's additional contentions, to the extent that they have been preserved, have been examined and found to lack merit.
Egan Jr., J.P., Lynch, Clark, Mulvey and Aarons, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing contraband and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references to this charge from petitioner's institutional record and matter remitted to respondent for an administrative redetermination of the penalty imposed upon the remaining violations; and, as so modified, confirmed.